## OLIPHANT *against* SMITH.

An action for a nuisance, created by the erection of a dam in a navigable river is local and cannot be sustained elsewhere than in the county where the dam is erected: unless in the case where the dam erected in one county injures the land of an individual in another, then the action may be maintained in either county.

Writ of Error to the Common Pleas of *Fayette* county.

This was an action brought by *Oliphant* and *Duncan* against *Joseph Smith*, for erecting a dam in the *Youghiogheny* river, by which the plaintiff's boat was hindered from passing up the said river and was sunk, whereby he sustained damage. During the progress of the trial, the evidence given established the fact that the dam alleged to have been built and kept up by the defendant, was in the county of *Westmoreland*. Whereupon the defendant objected to the admission of any further testimony on the subject, on the ground that the action was local, and could not be sustained in the county of *Fayette*. The court being of this opinion, sustained the objection, and sealed the bill of exception at the request of the plaintiff.

*N. Ewing* for plaintiff in error.

*Dawson* for defendant in error.

The opinion of the court was delivered by

Rogers, J.—The act of the 23d *March* 1803, authorizes persons owning lands adjoining navigable streams of water, declared public highways, to erect dams for mills and other water works, and gives a remedy to the owner of any raft, boat or other vessel, which may be obstructed or suffer damage, or be delayed in their passage on such streams. The plaintiff complains that the defendant obstructed the navigation of the river *Youghiogheny*, so that he could not pass, &c. with the same ease as he had been accustomed to do before the erection; that he was stopped in ascending the river, and that in attempting to pass, his boat was sunk; whereby he sustained damage to an amount exceeding fifty dollars. This I take to be a proceeding under that act, for unless the plaintiff chooses to avail himself of the remedy there given, he is without redress. Where a remedy is provided or duty enjoined, or any thing directed to be done by any act or acts of assembly, the direction of the act shall be strictly pursued. No penalty can be inflicted, or any thing done agreeably to the provisions, of the common law, further than they shall be necessary for carrying the act into effect; and this by the express words of the act of the 20th March, 1806; which unless it is applied to a case such as the present,

(Oliphant *v.* Smith.)

would be a dead letter, on our statute books.  That the remedy must be pursued in the county where the dam is erected, which caused the injury, is too plain for argument.  Where the damages do not in the whole exceed the sum of fifty dollars, jurisdiction is given to any justice of the peace of the county in which the dam is erected; but if damages shall be alleged, to a greater amount, than fifty dollars, the same may be sued for and recovered in the court of Common Pleas of the county, wherein the said damages shall have been sustained. *Purd Dig.* 640.

But independent of the act of assembly the action is local.  Originally all actions were tried in the proper counties in which they arose, pursuant to the maxim, *vicini vicinorum facta presumunter scire.*  A change of terms produced a change of law; and here was introduced the maxim *debitum et contractus sunt nullius loci.*  Now all personal actions, as debt, detinue, assault, deceit, trover and conversion, account, &c. may be brought in any county and laid in any place.  But all actions, real and mixed, as trespasses, *quare clausum fregit,* ejectment, waste, &c. must be laid in the county where the lands lie; and if not so laid, it is cause of demurrer.  *Comyn,* in his digest, page 252, note 5, lays down the rule to be that every action, founded upon a local thing shall be brought in the county, where the cause of action arises; for there it can be best tried.  Thus an action for a nuisance, in diverting the water of a navigable river is local.  And in general, wherever a view may be necessary, there the action must be brought in the county where the injury arises.  In the language of *Comyn,* it is an action founded upon a local thing; and can be the better tried, because the witnesses reside there, and the alleged nuisance may be inspected by the jury.  It is a local action, because of the locality of the defendant's possession within the body of the county.  The only exception to the rule is, the erection of a nuisance in one county, to the injury of lands in another.  Then the action may be brought in either.  1 *Bac. Ab.* 56, 57, 58, and the authorities there cited. 1 *Com. Dig.* 250, 251.                    Judgment affirmed.