[No. 14817.    Department One. — July 12, 1892.]

ALISO WATER COMPANY, APPELLANT, v. H. G. BAKER ET AL., RESPONDENTS.

EMINENT DOMAIN — CONDEMNATION OF WATER RIGHTS — PLEADING — PUB-
LIC USE — SUPPLY OF "FARMING NEIGHBORHOOD." — A complaint in an
action by a water company to condemn water rights and a strip of land,
which alleges that it is necessary to condemn and take the water rights
in order to carry out the purpose of the water company to supply a
"farming neighborhood," composed of land riparian to the creek, with
water for domestic use and irrigation, but which does not otherwise
show whether the "farming neighborhood" is inhabited, not only fails
to show that the use for which condemnation is sought is a public use,
but shows affirmatively that it is not.

ID. — "NEIGHBORHOOD" — CONSTRUCTION OF PLEADING. — The term "neigh-
borhood" is an indefinite phrase, and may consist of but two houses
upon a single farm; and as the pleading must be construed most strongly
against the pleader, it must be understood that the farming neighbor-
hood to be benefited consists of one farm only, and this the property of
the plaintiff.

ID. — UNCERTAIN DESCRIPTION OF RIGHTS TO BE CONDEMNED — SPECIAL
DEMURRER. — A complaint in an action to condemn water rights, which
describes them generally as all the rights of each of the defendants,
whether as riparian owners or acquired by appropriation, adverse use, or
prescription, except for domestic use and reasonable irrigation of their
riparian lands, is uncertain in not showing definitely what water rights
are proposed to be condemned, and is insufficient as against a special
demurrer.

APPEAL from a judgment of the Superior Court of Santa Barbara County.

The facts are stated in the opinion.

*J. L. Barker*, and *Thomas McNulta*, for Appellant.

*Wright & Day, E. W. Squier*, and *B. F. Thomas*, for Respondents.

TEMPLE, C. — This appeal is from a judgment against plaintiff upon demurrer.

The action is to obtain, by condemnation, certain water rights, and a strip of land five feet wide upon a defined line.

It is alleged that plaintiff is a corporation, whose object and purpose is to take water from Sycamore creek and

cañon, and to use and distribute the same in supplying, for domestic use and irrigation, a certain farming neighborhood, composed of land riparian to said creek; that plaintiff is the owner and in possession of certain rights in the waters of Sycamore Creek, said rights being all those rights appertaining to the riparian lands on both sides of said creek, within certain defined limits.

It is also averred that each of the defendants, except Baker, who is said to be a mortgagee of one of the other defendants, owns a tract of land, also riparian, upon both sides of said creek; that to carry out the purpose of the plaintiff to supply said farming neighborhood with water, it is necessary that plaintiff appropriate, condemn, take, and use all the waters of Sycamore Creek, excepting such quantity or portion thereof as the defendants respectively have or may have the right, as riparian owners, to use for domestic purposes, and for irrigation of their lands bordering on and riparian to said creek; that is to say, that it is necessary for plaintiff to have the right to appropriate, condemn, take, and use every right of said defendants respectively in and to all the waters of said creek, whether acquired by appropriation, adverse use and possession, or prescription, as owners of riparian lands. It avers that more water flows in the creek than is necessary for the reasonable and proper use of said defendants as riparian owners for domestic purposes, and the irrigation of said riparian lands; but plaintiff is unable to state the quantity of water which flows in said creek in excess of that which is required by said defendants for domestic purposes, and irrigation as aforesaid, or the quantity that said defendants respectively may be entitled to use as riparian owners for the purposes aforesaid.

The complaint does not show whether the "farming neighborhood," which it is proposed to supply with water, is inhabited, except by the use of the term, and the statement that water is to be supplied for domestic purposes. It does not appear that it is composed of more than one farm, and, in fact, since the pleading must be taken most strongly against the pleader, it must be

understood that there is but one, and that the property of plaintiff, which has certain riparian rights in the stream, and the lands of the farming neighborhood are also said to be riparian.

The term "neighborhood" is an indefinite phrase, and if there are two houses upon plaintiff's farm, it would be proper to call it a neighborhood, though it would not be a public, for whose use property can be condemned. It seems to me, therefore, that the complaint not only fails to show that the use for which it is proposed to condemn the property is a public use, but that it shows affirmatively that it is not.

But this point, although raised by the demurrer, is not urged by respondents here. They submit the appeal upon the proposition that the complaint is uncertain in this, that it cannot be ascertained from it what property the plaintiff seeks to condemn, what water rights it proposes to purchase from the defendants. As shown above, the description is all the rights of each of the defendants, whether as riparian owners or acquired by appropriation, adverse use, or prescription, except for domestic use and reasonable irrigation of their riparian lands. One reason given by appellant's counsel for the generality of the description is, that they cannot know what rights defendants may claim by adverse use or otherwise, and they contend that defendants must describe what they have or claim, and have it valued; and they must necessarily contend further, that defendants would be estopped from hereafter asserting any rights which they neglect to set out. But this proceeding cannot thus be converted into an action to quiet title.

It is an attempt to purchase property against the will of the owners, and for that purpose to have a value placed upon it by the court. There is nothing more obviously essential to plaintiff's case than a sufficient description of that which it proposes thus to acquire. If the defendants make default, the plaintiff must still have a valuation made, and tender the amount to the defendants as a consideration for property acquired

through the proceeding. And the judgment, which cannot include what is not in the pleadings, constitutes its muniment of title. If it has sufficiently described what it wishes to take, it may require the defendants to set out the extent of their interest in that, but plaintiff cannot put upon the defendants the burden of determining what or how much the plaintiff requires to accomplish its purpose. What it seeks here are certain rights in property, and it should specify with exactness what they are.

It appears that plaintiff's land is below the land of the defendants. If it were to divert the water at a point below the defendants' land, the excepted rights, which it does not seek to condemn, would include all riparian rights except water for stock, which is no doubt omitted from the exception by mere oversight.

There would then be nothing to condemn except such rights as were held by adverse use, prescription, or appropriation. And the complaint would contain no attempted description of the property which the plaintiff seeks to purchase.

The diversion contemplated seems to be at a point above the land of defendants, and it is said that the plaintiff proposes to take the riparian right to have water not needed for the excepted uses run idly by. If this were a sufficient description of that right,—and I think it can be easily shown that it is not,—there would be no attempted description of all other rights of the defendants, which nevertheless in such general language the plaintiff seeks to acquire. There is nothing upon which the judgment of the court could be invoked, or a question propounded to a witness as to value.

Conceding that rights not riparian are included in the general description, it cannot be ascertained from the complaint what they are, and as against the special demurrer, the pleading is insufficient.

The defendants' lands are not included within the "farming neighborhood," which it is proposed to supply with water. Whether by such a proceeding as is at-

tempted here water rights could be acquired from one set of riparian owners for the use of another under any possible pleadings, has not been argued and is not passed upon.

I think the judgment should be affirmed.

FOOTE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

PATERSON, J., HARRISON, J., GAROUTTE, J.