NORTHERN PACIFIC RAILWAY CO., RESPONDENT, *v.* McADOW ET AL., APPELLANTS.

(No. 3,056.)

(Submitted January 17, 1912.  Decided January 29, 1912.)

[121 Pac. 473.]

*Eminent Domain—Railroads—Necessity for Taking—Pleading and Proof—Burden of Proof.*

Eminent Domain—Railroads—Necessity for Taking.
  1.  To entitle a railroad company to condemn land, it is not required to show an absolute necessity for its use; a reasonable necessity,

in view of the purpose to which the property is to be devoted and the benefits to accrue therefrom to the public, is sufficient.

Same—Insufficient Reasons for Taking.

2. Convenience of operation and enhancement of the profits of its business are not alone sufficient reasons for permitting a railroad to appropriate land by eminent domain for the purpose of making a change in the location of its line, its depots, yards and appurtenant tracks at a particular station; the rule of necessity as declared in paragraph 1, *supra,* is determinative of the right of the corporation to take.

Same—Pleading Evidence.

3. Allegations in defendants' answer, after denying the necessity of the proposed taking of their property by plaintiff for railroad purposes, setting forth in detail why the necessity did not exist, were matters of evidence and not of pleading.

Same—Burden of Proof.

4. The burden of showing a necessity for taking land under eminent domain was upon plaintiff railroad company.

Same—Necessity—Issues—Erroneous Order.

5. *Held,* that the district court erred in entering an order of condemnation without hearing proof, after sustaining a general demurrer to the answer, where there was a direct issue upon the question of the railroad company's necessity for the contemplated taking of lands under condemnation proceedings, the pleadings not having been such as to justify the order.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

Condemnation proceedings by the Northern Pacific Railway Company against William McAdow, Florence V. McAdow, and others. From an order of condemnation, defendants McAdow appeal. Reversed and remanded.

*Mr. George Y. Patten,* for Appellants, submitted a brief and argued the cause orally.

The complaint does not state facts sufficient to constitute a cause of action, in that it does not appear therefrom whether the tract of land sought to be condemned includes the whole or only a part of the entire parcel or tract. (Rev. Codes, subd. 5, sec. 7337.)

Proceedings in condemnation are statutory, and a strict compliance with the requirements of the statutes is necessary. (*City of Helena* v. *Rogan,* 26 Mont. 452, 68 Pac. 798; *State* v. *District Court,* 29 Mont. 155, 74 Pac. 200.) The statute clearly

intends that the complaint shall state whether the tract sought to be taken is a part of a larger tract, and if so, that the larger tract be described.   The purpose of this is plain.   One of the principal elements of damage to be assessed by the commissioners in the first instance, and by a jury on appeal, is that of resulting damage accruing to the portion of the larger tract not sought to be condemned by reason of the severance of the portion sought to be condemned.   (Rev. Codes, sec. 7341, subd. 2.)

The exercise of the right of eminent domain is in derogation of the rights of private property commonly enjoyed, and rests upon the consideration that private ownership and private convenience must give way to public necessity.   Being a sovereign right, and so based, its exercise is limited to the requirements of such public necessity.   (*Butte, A. & P. Ry. Co.* v. *Montana U. Ry. Co.*, 16 Mont. 504, 50 Am. St. Rep. 508, 41 Pac. 232, 31 L. R. A. 298.)   A case squarely in point is that of *Spring Valley Water Works* v. *San Mateo Waterworks,* 64 Cal. 123, 28 Pac. 447, construing section 1241, Code of Civil Procedure of California, which is identically the same in its provisions as section 7334, requiring that it must appear that the taking is necessary.   (See, also, *Kinney* v. *Citizens' W. & L. Co.,* 173 Ind. 252, 90 N. E. 129.)

From the above authorities it will be seen that the respondent may invoke the right of eminent domain to take such lands as are reasonably necessary for its uses, but beyond this it cannot go.   If, having such lands in Bozeman as are reasonably necessary to enable it to conduct its business and serve the public, it desires to add to its facilities that it may more conveniently or profitably handle its business, or better meet competition, it must acquire these additional facilities in the same way that any individual or private corporation would have to acquire them.   In other words, the authority given it under the eminent domain statute, because of its public character, gives it an advantage over private corporations and individuals only to the extent of its reasonable necessities.

*Messrs. Gunn & Rasch, Mr. Wm. Wallace, Jr.,* and *Mr. John G. Brown,* submitted a brief in behalf of Respondent. *Mr. Brown* argued the cause orally.

The rule of law with reference to the description of prop-· erty sought to be condemned is that it shall be such that the lands are capable of definite and unmistakable ascertainment, so that the owner may know the extent of the claim made. The same care as to description as that required of a deed has been given as the rule; so it is held "sufficient if the land is described with such certainty as to enable one skilled in such matters to locate it." (15 Cyc. 856.) We urge, further, that the map attached to the complaint is part of the description, and even if the worded description should be ambiguous, it is cured by the map. The two make the description definite and certain and comply with the statute. (*Boca etc. Co.* v. *Railway,* 2 Cal. App. 546, 84 Pac. 298; *San Francisco etc. Ry. Co.* v. *Gould,* 122 Cal. 601, 55 Pac. 411; *Illinois etc. Ry. Co.* v. *Lostant,* 167 Ill. 85, 47 N. E. 62; *Cincinnati etc. Ry.* v. *Bay etc. Ry.,* 106 Mich. 473, 64 N. W. 471; *St. Louis etc. Ry.* v. *Fowler,* 113 Mo. 458, 20 S. W. 1069.) For a case pat upon the facts as to this, see *Madera County* v. *Raymond Granite Co.,* 139 Cal. 128, 72 Pac. 989. The Montana rule, as expressed in *City of Helena* v. *Rogan,* 26 Mont. 474, 68 Pac. 798, is: there must be sufficient description to locate the ground so that commissioners going on the ground can know where it is and see the damage occasioned. We urge the complaint is sufficient alone, and that· with the map a plat of the situation as it is, the rule is satisfied. (*Fremont etc. Ry.* v. *Mattheis,* 35 Neb. 48, 52 N. W. 698; *State* v. *Tel. Co.,* 53 N. J. L. 341, 21 Atl. 460, 11 L. R. A. 664; *Land Co.* v. *Jones,* 53 Wash. 37, 101 Pac. 515.)

The respondent is a common carrier,—a railroad. It has had a depot and yards in Bozeman for years. It purchased and entered upon the construction of uptown yards and depot, these to be to accommodate the general public, be half a mile or more nearer the business center of the town, and accessible from a paved street. The lands here sought are to connect its present

track and yards with the uptown depot and yards.   Can these lands be taken for that purpose under those circumstances?  We insist they can.  (See Rev. Codes, secs. 4271, 4275; *State* v. *District Court*, 34 Mont. 535, 115 Am. St. Rep. 540, 88 Pac. 44.)   That spurs, *etc.*, are within the statute, see *Butte, A. & Pac. Ry.* v. *Montana Union Ry.*, 16 Mont. 523, 50 Am. St. Rep. 508, 41 Pac. 232, 31 L. R. A. 298.   Because the use may bring about private profit for the railway is no reason why it cannot be a public use.   (See *Spratt* v. *Transmission Co.*, 37 Mont. 60, 77, 94 Pac. 631; *Id.*, 35 Mont. 108, 88 Pac. 773; 8 L. R. A., n. s., 567.)

The real question is one of necessity.   There was no issue to be tried upon the question of necessity to the public use.   ''As to the necessity of the right of way, the existence of the public use and the location through the defendant's land establish the necessity.''   (*San Francisco etc. Ry.* v. *Leviston,* 134 Cal. 412, 66 Pac. 473; see, also, *St. Louis I. M. & So. R. Co.* v. *Petty,* 57 Ark. 359, 21 S. W. 884, 20 L. R. A. 435; *Dietrich* v. *Murdock,* 42 Mo. 283; *Kansas & T. Coal Ry.* v. *Northwestern Coal & M. Co.,* 161 Mo. 288, 84 Am. St. Rep. 717, 61 S. W. 684, 51 L. R. A. 936; *McKennan* v. *St. Louis etc. Ry.,* 69 Ark. 104, 61 S. W. 383; *Bennett* v. *City of Marion,* 106 Iowa, 628, 76 N. W. 844; *Union Depot Co.* v. *Morton,* 83 Mich. 265, 47 N. W. 228; *Protzman* v. *Indianapolis R. R. Co.,* 9 Ind. 467, 68 Am. Dec. 650; *State* v. *Superior Court,* 42 Wash. 675, 85 Pac. 669; *St. Louis etc. Ry. Co.* v. *City of Fayetteville,* 75 Ark. 534, 87 S. W. 1174; *Woods* v. *Greensboro Natural Gas Co.,* 204 Pa. 606, 54 Atl. 470; *Chesapeake etc. R. Co.* v. *Walker,* 100 Va. 69, 40 S. E. 633; 2 Elliott on Railroads, sec. 971; 15 Cyc. 590.)   The fact that a depot and yards are being constructed by a company shows that they are intended for the convenient use of the road. (*Dietricks* v. *L. & N. W. R. Co.,* 13 Neb. 624, 13 N. W. 624.) It is in the discretion of the railroad as to what route it will take to reach the new depot and yards.  (*State* v. *Superior Court,* 62 Wash. 612, 114 Pac. 444; *Riley* v. *Union Station Co.,*

71 S. C. 457, 110 Am. St. Rep. 579, 51 S. E. 485; *School District* v. *Peterson* (S. D.), 103 N. W. 756.)

The question of necessity is not one of absolute necessity. A showing that the property would make a more convenient, economical and expeditious use· is sufficient. (*Butte, A. & Pac. Ry. Co.* v. *Montana U. Ry. Co., supra; Colorado E. Ry. Co.* v. *Union Pacific R. Co.*, 41 Fed. 293; *State* v. *Hancock*, 35 N. J. L. 537; *Aurora & G. Ry. Co.* v. *Harvey*, 178 Ill. 477, 53 N. E. 331; *Chicago etc. Ry. Co.* v. *Baugh* (Ind.), 94 N. E. 571; *Hopkins* v. *Philadelphia etc. Ry. Co.*, 94 Md. 257, 51 Atl. 404.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This controversy arises out of a proceeding instituted by the plaintiff under Part III, Title VII of the Code of Civil Procedure, relating to eminent domain. (Rev. Codes, secs. 7331–7355.) Plaintiff seeks to appropriate to its own use a strip of land 100 feet in width, containing 4.25 acres and extending in a southwesterly direction from its main line, at the city of Bozeman in Gallatin county, through certain blocks in the Northern Pacific Addition to the city, belonging to the defendants William B. and Florence V. McAdow, its purpose apparently being to occupy the strip as a way for a spur or lateral track to connect its main line with a terminal nearer to the business portion of the city than that now in use. It alleges that to serve its purposes and objects as a common carrier, it is necessary for it to take the land in question and permanently use it for railroad right of way purposes. The defendants Story and Bozeman Milling Company did not appear. The defendants McAdow filed an answer in which they put in issue the necessity of the proposed taking and use, and, as tending to show that the real purpose sought by the plaintiff is not to meet the requirements of its necessity, but to serve its convenience and enhance its profits only, allege the following: That the proposed right of way is sought to enable plaintiff to construct a spur from its main line, which now passes through

the city of Bozeman, for the distance of about a mile to a proposed uptown depot; that the plaintiff and its predecessors have for the past twenty-seven years owned a tract of 160 acres of land to the north, northeast and northwest of the strip now sought to be taken which has been occupied by the main line of plaintiff's road, its freight and passenger depots, yards, *etc.,* with all necessary spurs and sidetracks, and that the said tract is adequate for the necessary use for such purposes; that during the year 1907 plaintiff's freight depot was destroyed by fire, and that within the past year plaintiff has completed the erection, on said tract, of a large new freight depot, which is ample in size and appointment to supply its needs in this behalf for the present and the reasonably near future; that this depot, with the yards, *etc.,* is only about a mile from the business district of the city, and is practically, if not equally, as close to this portion of the city as any depot used by the plaintiff for the accommodation of its patrons during the period of twenty-seven years; that the proposed new depot would be only one-half mile nearer to the business district of the city, and that it would not enable plaintiff to accommodate or serve with railroad facilities any greater number of people or a greater territory than it can serve with the depot and yards it now has. To these allegations the plaintiff interposed a general demurrer, which the court sustained, and thereupon, "without proof except the complaint and the admissions and the evidence of the allegations contained in the answer," made and entered an order of condemnation. The appeal is from the order.

1. It is contended that the court erred in sustaining the demurrer. The position assumed by counsel is, that the plaintiff is entitled to condemn and take the land in controversy if it can show a reasonable necessity for its use; but that neither it nor any other corporation which may take by condemnation can add to its holdings merely to serve its convenience or enhance the profits of its business.

After defining what are public uses and enumerating the classes of property which may be taken by the right of eminent

domain, the statute (Rev. Codes, sec. 7334) declares: "Before property can be taken it must appear: 1. That the use to which it is to be applied is a use authorized by law. 2. That the taking is necessary to such use. * * * " That the taking sought is one authorized by law, under proper circumstances, is, in view of the provisions of the Revised Codes as they have been construed by this court, rightly conceded. (Rev. Codes, secs. 3895, 4271, 4275, 7331; *State ex rel. Bloomington L. & L. S. Co.* v. *District Court*, 34 Mont. 535, 115 Am. St. Rep. 540, 88 Pac. 44.)

In their argument, counsel on both sides have devoted much [1] attention to the question whether the term "necessary," as used in the statute, imports absolute necessity, or only such as may be characterized as reasonable in view of the purpose to which the property sought to be condemned is to be devoted and the benefits to accrue therefrom to the public. Considering this subject, this court, in *Butte, A. & Pac. Ry. Co.* v. *Montana U. Ry. Co.*, 16 Mont. 504, 50 Am. St. Rep. 508, 41 Pac. 232, 31 L. R. A. 298, said: "We have used the word 'necessary' advisedly throughout this opinion, although when we say that the route chosen by the Butte, Anaconda & Pacific requires the taking of the lands in question as necessary for public use, we do not mean that there is an *absolute* necessity of the particular location they seek. But, under the statute, such an absolute necessity is not a prerequisite to the exercise of the law [right] of eminent domain." In another part of the opinion the rule is stated thus: "It would be difficult to lay down any specific rule, as to the measure of the necessity, of sufficient scope to include all cases. It may be observed generally that *necessary* in this connection does not mean an absolute or indispensable necessity, but reasonable, requisite and proper for the accomplishment of the end in view, under the peculiar circumstances of the case."

That the appropriation of a particular piece of property would promote convenience of operation and enhance the profits of the [2] business of a railroad company is not alone a sufficient reason for permitting it. The right to take may be of great value to any corporation which may exercise the privilege, "but that

is an incident which must be subordinated by the courts to the public use and to the consideration of the benefits to accrue to the public by the construction of the contemplated project.'' (*Butte, A. & Pac. Ry. Co.* v. *Montana U. Ry. Co., supra.*) Convenience, economy, expedition, and necessity for facilities for competition may all be inducing considerations, in that they all contribute indirectly to efficient service; but a corporation in charge of a public use may not condemn whatever it may find it convenient and advisable to acquire, on the sole ground that it may save expense or add to the profits of the business. (*Spring Valley Waterworks* v. *San Mateo Waterworks,* 64 Cal. 123, 28 Pac. 447; *Prather* v. *Railroad Co.,* 52 Ind. 16; *Jefferson* v. *Hazeur,* 7 La. Ann. 182; *New York etc. R. R. Co.* v. *Kip,* 46 N. Y. 546, 7 Am. Rep. 385; *Eldredge* v. *Smith,* 34 Vt. 484; *Fenwick* v. *East London Ry. Co.,* L. R. 20 Eq. 544.)

The provisions of the Code (secs. 3895, 4271, 4275), *supra,* are exceedingly liberal in bestowing upon railroad corporations the power to appropriate the property of the citizen to carry forward the public service; but they must nevertheless be interpreted in the light of section 7334; and the rule of necessity as laid down in *Butte, A. & Pac. Ry. Co.* v. *Montana U. Ry. Co., supra,* must be determinative of the right to take in each instance. Changing circumstances may render it necessary, from time to time, for the corporation to change the location of its line, or its depots, yards and appurtenant tracks at a particular station, and for this purpose to appropriate additional land (*Chicago etc. Ry. Co.* v. *People ex rel. Langhams,* 222 Ill. 396, 78 N. E. 784) ; yet, the rule of necessity must prevail. Mere desire to effect such a change, or choice of the officers of the corporation to make it, in the absence of some showing that the public welfare will be served by it, is not sufficient.

In view of these governing principles, do the facts stated in the answer constitute a conclusive reason why the plaintiff may not appropriate the land in controversy? At best they show only that the plaintiff already has sufficient land to meet its necessities as they have existed heretofore. But they do not negative the idea that a change of circumstances wrought by an

increase of population, or a revolution or alteration in the business necessities of the community requiring a more economical, expeditious or convenient service, is the motive which prompts the plaintiff, or that circumstances have intervened which have created a necessity for competition by the plaintiff with other carriers. The fact that the plaintiff has recently erected a new freight depot, or that the one now proposed is only half a mile nearer the business district of the city, is not conclusive. Even [3] so, all the allegations are matters of evidence which are competent as reflecting upon the issue of necessity; but it was neither proper nor necessary to plead them. The demurrer was therefore properly sustained.

2. The second assignment presents the question whether, upon the admissions in the answer and without further proof, the court was justified in making the order. Under the rule stated [4] above, the burden was upon the plaintiff to show a necessity for the taking. The facts alleged in the answer do not tend in any way to show such necessity, except so far as it appears from them that the proposed new depot will be half a mile nearer to the business district of the city. Therefore, aside [5] from the expressed desire of the plaintiff to effect the change manifested by its institution of this proceeding, and the possible inference that the new depot might be more conveniently located than the one now in use, there was nothing before the court to justify the order. In view of the direct issue upon the question of necessity, these two inferences alone are not sufficient to sustain it. The circumstances as they actually exist may be such as to justify the proposed appropriation, but they were not made apparent by the proof. The property rights of the citizen cannot be invaded, even for public purposes, except upon a substantial showing that the invasion is necessary.

The order is reversed, and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.