STATE EX REL. RESER, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 3,972.)

(Submitted January 22, 1917. Decided February 5, 1917.)

[163 Pac. 1149.]

*Certiorari — Clerk of District Court — Powers — Judgment — Entry and Rendition — Equity Cases — Mortgages — Fore-closure.*

Clerk of District Court—Decree—Entry and Rendition—Powers.
1. While the clerk of the district court may enter, *i. e.,* record a decree, he had no power to sign and enter, thus virtually render-ing, one in a suit to foreclose mortgages on real and personal prop-erty, adjudging, among other things, that plaintiff recover principal, interest and attorneys' fees, holding defendants personally liable there-for, *etc.,* where the trial judge had done no more than transmitted to him his findings of fact and conclusions of law, without any further directions in the matter.

Same—Entry of Judgment—Prerequisite.
2. The proper functions of the clerk of the district court touch-ing the entry of judgment are purely ministerial, and must be based upon a judgment actually pronounced, though not necessarily written and signed, or one pronounced by law, as in cases of default, verdict, *etc.*

Same—Entry of Judgment—Discretion.
3. The instances in which the clerk of the district court may enter judgment without express direction or pronouncement by the court are confined to those where no discretion can be exercised as to the terms of the judgment.

Original application by the state on the relation of Evert Reser for writ of *certiorari* running to the District Court, in and for Blaine County, in the Twelfth Judicial District, and John

A. Matthews, Judge of the Fourteenth District, presiding. Proceeding dismissed as to Judge Matthews, and order complained of annulled.

*Mr. R. E. O'Keefe,* for Relator, submitted a brief and argued the cause orally.

*Messrs. McKenzie & McKenzie,* for Respondents, submitted a brief; *Mr. John McKenzie* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

On July 8, 1916, the clerk of the district court of Blaine county received and filed the findings of fact and conclusions of law as made and forwarded by Honorable John A. Matthews, Judge presiding, in a certain cause then pending in that court wherein the Security Trust & Savings Bank of Charles City, Iowa, was plaintiff, and Evert Reser, Katherine Reser and Bertha G. Reser were defendants, which cause had been theretofore submitted for decision. These findings show that the action was to foreclose certain mortgages, to-wit, one upon real estate, and one upon chattels, given to secure promissory notes aggregating $2,630 principal, which notes were executed and delivered by the defendants Evert and Katherine Reser in payment or part payment of a certain traction engine and plow outfit constituting, with some sixteen head of horses, the chattel security referred to; and in the conclusions of law it is declared that the plaintiff is entitled to a decree of foreclosure of said mortgages, to judgment for the sum of said notes with interest and attorney's fees, and to a decree or order of sale of said property or so much thereof as may be necessary. Thereafter, and without any order or direction from the court or any further action by the judge thereof, but on motion of the attorneys for the plaintiff, the clerk signed, filed and entered what purports to be a final judgment in the cause, reciting that the court had carefully considered all the evidence presented; had examined the authorities cited, and had made its findings

and conclusions of law (which findings and conclusions are neither inserted nor otherwise referred to), and adjudging and decreeing that plaintiff recover from the defendants $3,593.25, the amount of principal, interest, attorney's fee and costs; that both defendants, and each of them, are personally liable therefor; that the same is a valid lien upon the lands and personal property described in the mortgages; that said property, or so much thereof as may be sufficient, be sold; that plaintiff is entitled to and may purchase said property at such sale, and that the defendants, including Bertha Reser, and "all persons claiming from or under them, or either of them, and all persons claiming to have acquired any estate or interest in or to said premises subsequent to the filing of the notice of the pendency of this action, as set out in said findings (no reference is made in the findings to any such notice) be forever barred and foreclosed of and from all equity of redemption and claim in, of or to said premises, except the right to redeem as provided by law." Certain sales having been had and others being threatened under this purported judgment, the defendants brought this proceeding to review and annul the same upon the ground, among others, that the clerk had no power or authority to make or enter it.

We think the contention must be sustained. While it is undoubtedly the function of the clerk in every case to enter, *i. e.,* record, the judgment, we know of no instance where he is empowered to render one. Counsel for respondents seem to concede this, but argue that the findings of fact and conclusions of law were the judgment which the clerk did but enter and record under the plain mandate of section 6764, Revised Codes. This, however, is untenable, for the very language of that section makes it clear that the findings of fact and conclusions of law are not the judgment, but merely the foundation for the judgment; and this must be particularly noted in cases of this kind. Judgments, like the causes of action from which they spring, are either at law or in equity—the latter, for purposes of instant distinction, being commonly termed "decrees," and between

the two classes great and fundamental differences exist. A judgment at law is absolute, inflexible, expressive of the invariable rules of law applicable to the established facts in issue, taking no note of the situation of the parties or the means of enforcing the liability declared by it. A decree, on the other hand, is seldom predetermined as to its terms, by the general decision for or against the plaintiff or the defendant; it stands upon the particular merits of the controversy as they impress themselves upon the conscience of the chancellor, guided by principles broader than those of the law; it is the decision of the man who frames it as the interpreter of the moral standard which equity sets up; it is adjustable to all the exigencies of the litigation and to all the degrees of right or merit by which the parties may be distinguished, and it may, as often happens, contain specific directions for carrying out its purposes, provisions fixing the status of the parties, or prescriptions touching their course of conduct. (Freeman on Judgments, sec. 9; Black on Judgments, sec. 1; *Broder* v. *Conklin,* 98 Cal. 360, 364, 33 Pac. 211.) The application of these distinctions and their consequences are made manifest by the circumstances of this case. No such decree as the one before us was commanded by the findings in point of fact or followed from them as a necessary inference. Both real and personal property were involved, and, of the former, property to which a third person, not a party to the mortgages, laid claim; and specific directions as to how the sale should be conducted and how, for the purposes of such sale, the assets should be marshaled were quite in order. The decree contains no recognition of these things but does contain sundry provisions not foreshadowed in the findings, and which are therefore attempts on the part of the clerk to perform [2] judicial acts. The proper functions of the clerk touching the entry of judgment are purely ministerial, and their valid exercise requires a judgment which has been actually pronounced by the court—not necessarily written and signed, or else a judgment pronounced by the law as a necessary consequence of the facts established—as in cases of default, verdict,

[3] *etc.;* but the instances wherein the clerk may even enter judgment without express direction or pronouncement by the court are of necessity confined to those wherein no discretion can be exercised as to the terms of the judgment. That the judgment at bar is not of this character is clear from what it contains as well as from what it omits.

Some contention is made on behalf of the respondents that *certiorari* is not the proper remedy; but inasmuch as the purported judgment in question cannot be upheld on any theory, we have preferred to so declare rather than to engage in a disquisition touching the technical aspects of the procedure invoked. The very postulate of this proceeding, however, is that the respondent, Judge Matthews, had nothing to do with the making or entering of the so-called judgment; as to him, therefore, the proceeding must be dismissed, and it is so ordered.

The action of the clerk in making and entering the judgment referred to and said judgment with all proceedings had thereunder are annulled.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied April 3, 1917.