GREAT NORTHERN RY. CO., APPELLANT, v. FISKE ET AL.,
RESPONDENTS.

(No. 3,829.)

(Submitted November 10, 1917.   Decided November 22, 1917.)

[169 Pac. 44.]

*Eminent Domain—Railroads—Award of Commissioners—Right
to Appeal—Extent of Right.*

1. Assuming (but not deciding) that section 7344, Revised Codes, confers the right of appeal in a condemnation proceeding upon plaintiff railroad as well as upon the land owner, the appeal must be taken from the entire award of the commissioners appointed to ascertain and determine the compensation to be paid to the owner, and cannot be prosecuted from any particular portion thereof with which the appellant may be dissatisfied.

*Appeal from District Court, Fergus County; Roy E. Ayers,
Judge.*

CONDEMNATION PROCEEDINGS by the Great Northern Railway Company against George P. Fiske. From judgment on the award as made by the commissioners, plaintiff appeals. Affirmed.

*Messrs. Veazey & Veazey* and *Mr. O. W. Belden,* for Appellant, submitted a brief; *Mr. I. Parker Veazey, Jr.,* argued the cause orally.

*Mr. E. K. Cheadle,* for Respondent Fiske, submitted a brief, and argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

By appropriate proceedings begun in the district court of Fergus county, the plaintiff sought to condemn for railroad purposes a strip of ground containing 13.86 acres across the northwest quarter of section 36, township 16 N., range 17 E., M. P. M., belonging to the defendant. In due course the usual order

On effect of appeal in condemnation proceedings, see note in 2 L. R. A. (n. s.) 313.

was made declaring that the purposes to be served by the taking constitute a public use, and appointing commissioners "to ascertain and determine, according to law, the compensation to be paid· * * * by reason of the appropriation." The commissioners, proceeding as required by Code section 7341, met, viewed the premises, heard the testimony offered, and made return into court of their findings as follows: I. That the actual value of the property sought to be taken is $1,386. II.    That the damages, by reason of such taking which will accrue to the portions of defendant's land not sought to be taken, are $833.35.    III.    That the portion of defendant's property not sought to be condemned will not be benefited by such taking. IV.    That the cost of good and sufficient fences and cattle-guards is $200; "that the plaintiff shall pay to said defendant * * * as compensation and net damages" for such taking, "the sum of $2,219.35, and shall also pay to him the cost of fences and cattle-guards, or give bond as required by law." Thereafter, and within the proper time, the plaintiff filed its notice, claiming under section 7344, Revised Codes, to appeal "from all those several parts of the award, report, and assessments of the commissioners," to-wit, parts I and III above mentioned; whereupon the defendant moved to dismiss the appeal as not taken in accordance with the provisions of said section, in that it is not taken from the whole, but only from certain parts, of the award, and "for that reason this court is without jurisdiction to hear and determine said appeal." This motion was sustained by the district court; judgment was entered upon the award as made by the commissioners, and from that judgment this appeal is taken.

The sole question presented is whether the plaintiff's attempt to appeal under section 7344 was sufficient, or, to paraphrase the language of plaintiff's counsel: Is either party, in taking [1] such an appeal, required to appeal from the entire award, or may either party appeal from only those portions of it with which he is dissatisfied?

We question whether, under section 7344, the plaintiff was entitled to appeal at all. A broad construction of the first sentence of that section and some of the provisions of section 7349, would indicate that it was; but the remainder of these sections as clearly implies that the right of appeal is confined strictly to the owner. It is the settled rule that in proceedings such as this the right to appeal is purely statutory and may be granted to, or withheld from, either party or both, at the discretion of the legislature, if no constitutional provision is thereby infringed. This question, however, we do not decide, preferring to assume, for the purposes of the present case, that such right does exist in the condemnor.

The plaintiff grounds its contention upon the proposition that section 7344, authorizes an appeal from ''any assessment,'' and argues that, since under section 7341 the commissioners are required to ''ascertain and assess'' the various elements of damage (but not the total), each finding made in accordance with that section, constitutes ''an assessment'' from which appeal will lie. We think this is untenable. The very section (7344) on which the right of appeal depends provides that the appeal ''shall be brought on for trial upon the same notice and in the same manner as other civil actions, and unless a jury shall be waived by the consent of all parties to such appeal, the same shall be tried by jury, and *the damages* to which appellant may be entitled *by reason of the appropriation* of his property, shall be reassessed upon the same principle as hereinbefore prescribed for the assessment of such damages by commissioners.'' This clearly implies that not only is the case to be tried *de novo* before the jury, but it is to be tried *de novo* as to all the elements which go to make up ''the damages,'' to which the owner may be entitled ''by reason of the appropriation of his property.'' Again: ''Upon any verdict or assessment by commissioners becoming final, judgment shall be entered declaring that * * * the right * * * to take, use and appropriate the property described in such verdict or assessment * * * shall * * * be and remain in the plaintiff. * * * In

case the party appealing from the award of commissioners
* * * shall not succeed in increasing the amount of damages
finally awarded to him in such proceeding, he shall not recover
the costs of such appeal.'' These expressions make it obvious,
in our opinion, that the words ''any assessment,'' as used in the
first sentence of the section, are intended to refer, not to the
findings or specifications going to make up the award, but to the
award itself—the total assessment of damages as made pursuant
to section 7341.

In this we are confirmed by the language of cognate sections:
''No improvements upon the property subsequent to the date of
the service of summons shall be included in the assessment of
compensation or damages.'' (Sec. 7342.) ''Within thirty days
after making their appraisement and the assessment of dam-
ages, the commissioners must file a report,'' *etc.* (Sec. 7343.)
''The plaintiff must, within thirty days after final judgment,
pay the sum of money assessed.'' (Sec. 7346.) ''At any time
after the report and assessment of damages of the commissioners
has been made * * * and either before or after appeal
from such assessment * * * the court * * * shall have
power to make an order that upon payment into court * * *
of the amount of damages assessed, * * * the plaintiff be
authorized, if already in possession * * * to continue in
such possession: * * * Provided, however, that * * *
the court * * * may * * * require the plaintiff * * *
in addition to paying into court the amount of damages assessed,
to give bond * * * conditioned to pay defendant any addi-
tional damages and costs over and above the amount assessed;
* * * the amount assessed as damages by the commission-
ers or by the jury on appeal, as the case may be, shall be taken
and considered * * * as just compensation; * * * but
the plaintiff, by payment into court of the amount assessed, or
by giving security as above provided, shall not be thereby pre-
vented or precluded from appealing from such assessment;
* * * in all cases where the plaintiff deposits the amount of
the assessment * * * the defendant * * * may at any

time demand and receive * * * the money so deposited, and shall not by such demand or receipt be barred or concluded from his right of appeal from such assessment, but may, notwithstanding, take and prosecute his appeal from such assessment; Provided, that if the amount of such assessment is finally reduced on appeal by either party, such defendant who has received the amount of the assessment deposited shall be liable to the plaintiff for any excess, * * * with legal interest; * * * and provided, further, that upon any appeal from assessment of damages by the commissioners to a jury, the jury may find as compensation or damages a less as well as an equal * * * amount than that assessed by the commissioners." (Sec. 7349.) The bearing of this language and its inapplicability to an appeal from part of an award or total assessment are manifest.

The order dismissing plaintiff's appeal was properly made, and the judgment before us must therefore be, and it is, affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.

Rehearing denied December 12, 1917.