WEED, APPELLANT *v.* WEED, RESPONDENT.

(No. 3,983.)

(Submitted March 20, 1919. Decided April 14, 1919.)

[179 Pac. 827.]

*Divorce—Appeal and Error—Nonappealable Orders.*

Divorce—Decree—Modification—Nonappealable Order.
   1. An appeal does not lie from an order overruling a motion to strike an affidavit filed in support of a motion for the modification of a decree granting a divorce, such order not being one of the orders made appealable by section 7098, Revised Codes, nor a special order made after final judgment from which an appeal may be taken.
   [As to what judgments and orders are subject to appeal, see note in 20 Am. St. Rep. 173.]

Appeal and Error—Special Order After Final Judgment—Nature of Order.
   2. The special order made after final judgment from which an appeal lies must be one affecting rights incorporated in a judgment previously entered.

*Appeal from District Court, Fergus County, in the Tenth Judicial District; H. H. Ewing, a Judge of the Eighth District, presiding.*

ACTION for divorce, by Howard Tobey Weed against Eva Marie Weed. Decree for plaintiff. He appeals from an order denying his motion to strike defendant's affidavit filed in support of her motion for a modification of the decree. Appeal dismissed.

Cause submitted on brief of Counsel for Appellant.

*Messrs. Belden & De Kalb,* for Appellant.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In an action pending in the district court of Fergus county wherein Howard Tobey Weed was plaintiff and Eva Marie Weed was defendant, a decree of divorce was rendered and en- [1] tered which, among other things, awarded to plaintiff the care, custody and control of the minor child, the issue of the marriage. Later defendant moved the court to modify the decree and award the custody of the child to her, and supported the motion by her affidavit. Plaintiff appeared and moved the court to strike defendant's affidavit from the files and, his motion being overruled, he attempted to prosecute this appeal from that ruling.

"An appeal is authorized by statute only and unless the judgment or order which it is sought to have reviewed in this mode, falls fairly within the enumeration of appealable orders or judgments made by the statute, the appeal does not lie." (*Tuohy's Estate,* 23 Mont. 305, 58 Pac. 722; *Taintor* v. *St. John,* 50 Mont. 358, 146 Pac. 939.)

The appealable judgments and orders (in civil cases) are enumerated in section 7098, Revised Codes. The ruling complained of is not a judgment (sec. 6710, Rev. Codes) and it is not an appealable order, unless it can be classified as a special order made after final judgment. It is not every ruling made by a court in a cause after a final judgment has been entered therein, that is the subject of a separate appeal. If the con-

verse of this were true, there would never be an end to litigation if either party sought to harass or annoy the other. In *Chicago, M. & St. P. Ry. Co.* v. *White,* 36 Mont. 437, 93 Pac. 350, this court in construing the statute above, said: ''The [2] special order, made after final judgment, from which an appeal lies, must be an order affecting the rights of some party to the action, growing out of the judgment previously entered. It must be an order affecting rights incorporated in the judgment.'' The decision has the support of the authorities generally. (*Greiss* v. *State Inv. & Ins. Co.,* 93 Cal. 411, 28 Pac. 1041; *Kaltschmidt* v. *Weber,* 136 Cal. 675, 69 Pac. 497; 3 Corpus Juris, 519.)

The affidavit was tendered as evidence in support of the motion under the provisions of section 7992, Revised Codes. The action of the court complained of did not affect the rights of either party. It was nothing more than an interlocutory ruling upon the admissibility of evidence made in the process of determining whether the decree should be modified, and until the court acted upon defendant's motion neither party was or could be prejudiced. If the court refused to modify the decree, appellant could not complain that defendant's affidavit was not stricken from the files. If defendant's motion should be granted, every ruling made by the court in its consideration of the motion could be reviewed on appeal from the order modifying the decree. (*Connell* v. *Warren,* 3 Idaho, 117, 27 Pac. 730.)

The statute does not authorize an appeal from the ruling complained of, and for this reason the attempted appeal is dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE COOPER concur.