PARK COUNTY, Respondent, v. MILLER, Appellant

No. 8530

Submitted December 18, 1944. Decided March 27, 1945.

159 Pac. (2d) 358

158

Mr. Albert H. Angstman of Helena for appellant.

Mr. Ed C. Jones, Messrs. Gibson & Fitzgerald and Mr. Earl C. Ammerman, all of Livingston, for respondent.

PER CURIAM.

Pursuant to petition the board of county commissioners under the provisions of Chapter 143 of the Political Code, ordered a proposed highway established and defendant, the owner of a part of the proposed right of way, refused to sell. The board of county commissioners ordered condemnation of the required right of way and a five-acre tract for a borrow pit for materials for said highway, and this action was instituted. After hearing, the district court found that the land should be condemned and appointed appraisers. This is an appeal from that order.

Plaintiff contends that the order appealed from is a preliminary order from which no appeal lies and that the appeal should be dismissed. This court has held (under section 9937, Revised Codes) that there is an appeal from the order. State ex rel. Davis v. District Court, 29 Mont. 153, 156, 74 Pac. 200, and see State ex rel. McLeod v. District Court, 67 Mont. 164, 166, 215 Pac. 240. The matter has been determined adversely to plaintiff's contention and we hold that the appeal lies.

Defendant contends that the evidence shows that Park ██ county is not divided into road districts, and that therefore there is no valid petition to the board of county commissioners signed by ten freeholders of the road district. We do not agree with that contention. Our highway laws were re-enacted in 1913, 1915, and 1917. Prior to 1917, what is now section 1622 provided that the commissioners must keep the county divided into suitable road districts; and what is now our section 1635 provided that road petitions must be signed by ten freeholders of the road district. 1913 Session Laws pp. 142 and 147; 1915 Session Laws pp. 322 and 326. In 1917, c. 172, p. 442, the re-enactment contained the amendment to our section 1622, to the effect that the commissioners may in their discretion keep the county divided into suitable road districts. The entire chapter on location of roads was substantially re-enacted each time. In the same enactment, by re-enacting Sec. 1622, subsections 3 and 5, it was made the duty of the county commissioners to establish roads and condemn rights of way. The entire county is within the county commissioner's jurisdiction, so far as county roads are concerned, and therefore, as to them, unless divided into two or more road districts, it constitutes a single road district. So far as the general public is concerned the main result of a division is to limit the area over which each freeholder has a right of petition, and if no division is made the freeholder's right must remain co-extensive with the county's boudaries. To construe the law otherwise is to construe the commissioner's discretionary power over such division as a discretionary abdication of the power to establish highways; for a legal prerequisite to such establishment is a petition signed by ten freeholders of the road district. Secs. 1613 and 1635; State ex rel. Mc-Master v. District Court, 80 Mont. 228, 260 Pac. 134. We therefore hold the petition in this case sufficient.

For the purpose of showing the authorization of this proceeding by the board of county commissioners, the petition and minutes of the board establishing the highway and

ordering condemnation were introduced in evidence. Those minutes show that, instead of finding that the rights of way for the establishment of the highway were necessary and desirable, as required by section 1641, Revised Codes, it found only that such establishment was feasible and desirable.

Of course, a valid petition is required (State ex rel. McMaster v. District Court, supra), in order to enable the county commissioners to establish a highway and lay the basis for a condemnation proceeding, but section 1641 eliminates from consideration in a condemnation proceeding, all defects in the proceedings of the board of county commissioners except that it must by resolution declare the fact that rights of way sought to be secured are desirable and necessary for the construction of a public highway. This, the board did not do and there is no foundation for the condemnation proceeding in this case.

It is, therefore, ordered that the order of the district court be set aside and that defendant have judgment for his costs.

Note: The Court consisted of Mr. Chief Justice Howard A. Johnson, Associate Justices C. F. Morris and Hugh A. Adair, and District Judges the Hon. T. E. Downey and the Hon. Dean King, who sat in the places of Associate Justices Leif Erickson and Albert Anderson, disqualified.

Petition for rehearing denied June 23rd, 1945.