SHERIDAN COUNTY ELECTRIC CO-OP., INC., Respondent,
v. ANHALT, Appellant.

No. 9125.

Submitted January 26, 1953.   Decided May 26, 1953.

257 Pac. (2d) 889.

Mr. Justices Angstman and Anderson dissented.

Mr. Vernon Hoven, Plentywood, Mr. John Marriott Kline, Glasgow, for appellant.

Mr. C. T. Sanders, Mr. P. H. Cresap, Mr. V. G. Koch, Sidney, for respondent.

Mr. Sanders and Mr. Kline argued orally.

72

MR. JUSTICE BOTTOMLY:

This is an action in condemnation by the Sheridan County Electric Co-op., Inc., for right-of-way easement. Complaint and answer were filed. Hearing of the cause was had commencing on the 27th day of February 1951. The court took the matter under advisement and each side was given five days to submit briefs.

May 22, 1951, the court made its findings of fact and conclusions of law, and concluded with the statement: "That a judgment of appropriation and condemnation in the form provided by law should be made and entered herein." No order of condemnation, no order appointing commissioners, and no judgment was or has been made, given or entered in the proceeding.

May 31, 1951, the court on his application therefor, granted the defendant Elmer O. Anhalt, sixty days in addition to the statutory time in which to prepare, serve and file a bill of exceptions.

Notice of appeal was dated and filed on July 19, 1951, and, omitting the formal parts, is as follows: "Please take notice that the defendant, Elmer O. Anhalt, hereby appeals to the Supreme Court of the State of Montana, from the findings of Fact and Conclusions of Law of the Court dated the 22nd day of May, 1951, and filed and entered on the same day. This appeal is taken from the whole of the Findings of Fact and Conclusions of Law and is based upon questions of law and fact."

The question of jurisdiction was raised by this court on oral argument. The question of jurisdiction should be inquired into by the court at the earliest inception on its own initiative to ascertain whether or not it has jurisdiction. State ex rel. Irvine v. District Court, 125 Mont. 398, 239 Pac. (2d) 272, 275; Endresse v. Van Vleet, 118 Mont. 533, 539, 169 Pac. (2d) 719; Pulliam v. Pulliam, 163 Kan. 497, 183 Pac. (2d) 220, 221, 1 A. L. R. (2d) 418; Williams v. Sherman, 36 Idaho 494, 212 Pac. 971; McNee v. Hart, 117 Okl. 220, 246 Pac. 373; Kramer v. Pixton, 72 Utah 1, 268 Pac. 1029; Luckenbach v. Krempel,

188 Cal. 175, 204 Pac. 591; Kreiss v. Hotaling, 96 Cal. 617, 31 Pac. 740.

Both plaintiff and defendant argued that this court has jurisdiction, in that an appeal may be taken to this court from the findings of fact and conclusions of law in this kind of a case.

Condemnation proceedings are a special proceeding, provided for by statute. R. C. M. 1947, sec. 93-9901 et seq.

The statute relied upon by appellant is subsection 3 of section 93-9905, R. C. M. 1947, the pertinent part being: "The plaintiff or defendant, or any party interested in the proceedings, can appeal to the supreme court from any finding or judgment made or rendered under this chapter, *as in other cases.* Such appeal does not stay any further proceedings under this chapter." Emphasis supplied.

Appellant relies upon the interpretation of this section as set forth in State ex rel. Davis v. District Court, 29 Mont. 153, 74 Pac. 200, 201, wherein he asserts this court interpreted said section as permitting appeals from order similar to the findings of fact and conclusions of law in this case. However, in the Davis case the district court had made and entered an appealable *order* of *condemnation* from which the appeal was taken. Other questions were involved in that case. All this court said as pertinent here was: "Section 2214 [now R. C. M. 1947, sec. 93-9905], Code Civ. Proc., after enumerating the prerequisites to the granting of an order of condemnation, says: 'The plaintiff or defendant, or any party interested in the proceedings, can appeal to the Supreme Court from any findings or judgment made or rendered under this title, *as in other cases.*' It is very clear that under this statute the defendant had an appeal *from this order.*" Emphasis supplied.

Appellant likewise relies on the holding of this court in Park County v. Miller, 117 Mont. 157, 159 Pac. (2d) 358, but there again the district court had made and filed an appealable *order* of *condemnation* and appointment of commissioners, from which appealable order the appeal was taken. This court held that there was an appeal from the *order.*

The case of Van Dyke v. Midnight Sun Mining & Ditch Co., 9 Cir., 177 F. 85, was a case in condemnation where the lower court had made findings of fact followed by an order of condemnation, from which the appeal was taken. In Northern Mining & Trading Co. v. Alaska Gold Recovery Co., 9 Cir., 20 F. (2d) 5, also a condemnation case, the lower court made findings followed by an order appointing appraisers, from which order the appeal was taken. It will be noted that in each of the foregoing cases the lower court had made and entered an appealable order from which the appeal was taken. It is not questioned but that an appeal lies from such an order under subdivision 2 of section 93-8003.

Appellant states in his brief that: "We can see little, if any difference between the orders in the above two Montana cases and the findings of fact and conclusions of law made here."

The difference lies in the fact that appealable orders were entered in each of the foregoing cases while no such order was made or entered in the case at bar. Woodward v. Perkins, 119 Mont. 11, 14, 15, 171 Pac. (2d) 997; In re Sullivan's Estate, 112 Mont. 519, 118 Pac. (2d) 383; Conway v. Fabian, 108 Mont. 287, 302, 303, 89 Pac. (2d) 1022; Galiger v. McNulty, 80 Mont. 339, 260 Pac. 401; Weed v. Weed, 55 Mont. 599, 600, 179 Pac. 827; State ex rel. Reser v. District Court, 53 Mont. 235, 163 Pac. 1149; Taintor v. St. John, 50 Mont. 358, 362, 146 Pac. 939.

The right of appeal is purely statutory. The legislature has laid down the rules governing appeals. By R. C. M. 1947, sec. 93-8001, it is declared: "A judgment or order in a civil action, except when expressly made final by this code, may be reviewed as prescribed in sections 93-7901 to 93-7908 and 93-8001 to 93-8023, *and not otherwise.*" Emphasis supplied.

R. C. M. 1947, sec. 93-8003, provides as far as pertinent here: "An appeal may be taken to the supreme court from a district court in the following cases:

"1. From a *final judgment* entered in an action or special

proceedings commenced in a district court, or brought into district court from another court.

"2. From an *order* * * * directing the delivery, transfer, or surrender of property * * *." Emphasis supplied.

Findings of fact and conclusions of law are not a judgment nor are they an order, as known to our practice; they are the court's statement on which he will base his order or judgment. A party litigant may request findings in writing and have such request entered in the minutes of the court. R. C. M. 1947, sec. 93-5305. Exceptions to the court's findings shall be filed in the court and served on the attorney of the adverse party within five days after receiving from or giving to the adverse party a written notice of the filing of the findings. R. C. M. 1947, sec. 93-5307.

These statutory provisions provide the parties litigant an opportunity to point out to the court wherein movant believes the findings do not reflect the true facts or are defective in some particular, and the court may, if it agrees, modify the findings accordingly, and upon failure of the court to remedy the alleged defect, the party moving shall be entitled to his exceptions, and the same shall be settled by the judge *as in other cases.* R. C. M. 1947, sec. 93-5306.

The record does not disclose that the appellant requested the trial court for findings nor that he moved that court for corrected or additional findings, nor that he filed or served objections to the findings and conclusions of law as found by the court. R. C. M. 1947, sec. 93-5305, provides in part that, "nor in cases tried by the court shall the judgment be reversed on appeal for defects in the findings, unless exceptions be made in the court below for a defect in the findings or in a finding."

In that neither the Constitution nor the legislature has provided or seen fit to grant the right of appeal from findings of fact and conclusions of law, an appeal therefrom does not lie, and therefore this court has no jurisdiction to entertain this premature appeal.

It is asserted by appellant that respondent has not objected

in any manner to the jurisdiction of this court to entertain this appeal. It is true that respondent also contends that this court has jurisdiction. However that may be, litigants and their attorneys cannot confer jurisdiction on courts; jurisdiction is conferred on courts only by the Constitution and the statutes. Where no jurisdiction exists by law, it cannot be conferred by consent or waiver. Compare: In re Woodside-Florence Irrigation Dist., 121 Mont. 346, 352, 194 Pac. (2d) 241, 244. "Even though neither party questions the jurisdiction, it is the duty of the court to determine from the record whether or not it has jurisdiction." 2 Am. Jur., Appeal & Error, sec. 15, p. 855. "All the powers of any court must be derived from the government that created it." 14 Am. Jur., Courts, sec. 162, p. 365. "Jurisdiction of appellate courts being dependent on the law, consent, agreement, or stipulation of the parties confers no jurisdiction on such a court." 4 C. J. S., Appeal and Error, sec. 43, page 124. "Appellate jurisdiction is derived from the constitutional or statutory provisions creating the court, and can be exercised only in the manner prescribed." 4 C. J. S., Appeal and Error, sec. 39, page 116; 21 C. J. S., Courts, sec. 85, page 127, and sec. 311, p. 562; In re Woodside-Florence Irrigation Dist., supra.

No legal appeal having been perfected herein, the attempted appeal is dismissed.

MR. JUSTICE FREEBOURN, concurs.

MR. CHIEF JUSTICE ADAIR:

This is a proceeding brought in the district court of Sheridan county seeking to exercise the right of eminent domain to condemn private property for public use.

The proceeding is strictly *sui generis*. It is purely statutory. It is *in invitum.*

The proceeding is neither an ordinary action at law nor a suit in equity. It is ordinarily denominated a special proceeding of a civil nature.

Title XV, First Division of the Compiled Statutes of Montana of 1887, sections 597 to 615, inclusive, provided for the exercise of the right of eminent domain and section 601, page 216, thereof read:

"Sec. 601. Before property can be taken it must appear—

"*First.* That the use to which it is to be applied is a use authorized by law.

"*Second.* That the taking is necessary to such use.

"*Third.* If already appropriated to some public use, that the public use to which it is to be applied is a more necessary public use."

In the early case of Montana Central Ry. Co. v. Helena & R. M. R. Co., 6 Mont. 416, 12 Pac. 916, decided in 1887, being an appeal from an order of injunction, the appellate court considered and applied section 586, page 192, Laws of 1877, being the same as section 601, First Division of the Compiled Statutes of Montana of 1887.

Neither section 601 nor any other section of Title XV authorized the taking of an appeal to the supreme court in a condemnation proceeding.

In the absence of statutory provisions providing for an appeal to the supreme court no appeal may be taken in a condemnation proceeding. Gallup Southwestern Coal Co. v. Gallup American Coal Co., 39 N. M. 94, 40 Pac. (2d) 627.

In Great Northern Ry. Co. v. Fiske, 54 Mont. 231, 233, 169 Pac. 44, 45, an appeal from a judgment entered in a condemnation proceeding, this court said: "It is the settled rule that in proceedings such as this the right to appeal is purely statutory and may be granted to, or withheld from, either party or both, at the discretion of the Legislature, if no constitutional provision is thereby infringed."

Because no right of appeal to the supreme court was provided or existed under Title XV, First Division, Compiled Statutes of Montana of 1887, section 601 was amended to so provide by adding to the third subdivision of said section two additional sentences. The first sentence so added provides that the plaintiff

or defendant or any party interested in the proceedings can appeal to the supreme court as in other cases. The second sentence added, being the last sentence of the section, provides that such appeal does not stay any further proceedings under the title or chapter governing the exercise of the right of eminent domain. Section 601, First Division, Compiled Statutes of 1887, as so amended became section 2214 of Title VII, Montana Codes of Civil Procedure of 1895 and is now R. C. M. 1947, sec. 93-9905.

The instant proceedings were brought and prosecuted under the provisions of Chapter 99 of Title 93 of the Revised Codes of Montana of 1947, secs. 93-9901 to 93-9926, inclusive. The next to the last sentence of R. C. M. 1947, sec. 93-9905, supra, provides that any party interested in the proceedings can appeal to the supreme court ''as in other cases'' thus making it clear that Chapter 99 of Title 93, R. C. M. 1947, supra, is not complete in itself. Such being the situation, an appellant must resort to other sections of the Codes for the rules that govern his appeal since the provisions of Chapter 99, supra, wholly fail to specify how or when an appeal to the supreme court may or must be taken; what undertaking or deposit is to be given or made to secure costs on appeal,—when such undertaking or deposit must be given or posted and so forth, making it necessary for an appellant to resort to the provisions of the general statutes relating to appeals ''as in other cases'' such provisions being set forth in Chapter 80 of Title 93, R. C. M. 1947, secs. 93-8001 to 93-8025.

In the case of United States v. State of Montana, 134 F. (2d) 194, 197, the circuit court of appeals for the ninth circuit, in considering section 9937, Rev. Codes of Montana 1935, now R. C. M. 1947, sec. 93-9905, correctly held that such Montana statute does not relate to forms and methods of procedure but that it is a rule of substantive law.

At common law error lies only from a final judgment and this general requirement of finality has been carried into our

statutes providing for a review of proceedings on appeal to the supreme court.

Generally speaking a *judgment, decree* or *order,* to be appealable must be final or in the nature of a final decision. The object of such requirement is to present to the supreme court the whole cause for determination in a single appeal and thereby eliminate the unnecessary expenses, labor and delays attendant upon repeated appeals. Cases should not be brought to the supreme court piecemeal through the medium of successive appeals and where error may be corrected or relief had in the trial court it should be applied for there before bringing the case to the supreme court for review.

While section 93-9905 makes no mention of an appeal from any *order* made in a condemnation proceeding yet it is well settled that at the present time an appeal lies from any *judgment or order* therein entered which is final and conversely an appeal does not lie from *orders* or matters which are merely interlocutory.

Upon a timely and proper appeal from an appealable *order, judgment* or *decree,* the supreme court may review a great many matters and things which of or in themselves, standing alone, are not appealable such as intermediate orders, decisions, rulings, findings of fact, verdicts and other proceedings to which objections have been made or exceptions taken. R. C. M. 1947, secs. 93-216, 93-8002 and 93-8023.

More than half a century has elapsed since the statute, now R. C. M. 1947, sec. 93-9905, was amended so as to authorize a party interested in a condemnation proceeding to take an appeal to the supreme court ''as in other cases'' and in his annotation to section 93-9905, the code commissioner has cited nine decisions construing or applying the provisions of such Code section. Two of the decisions were in original proceedings and the remaining seven decisions were in appeal cases. In none of the cited cases was the appeal taken from the trial court's findings of fact.

In the cited case of Montana Central Ry. Co. v. Helena &

R. M. R. Co., 6 Mont. 416, 12 Pac. 916, decided in 1887, and long before the amendment of section 601, First Division, Compiled Statutes of 1887, the appeal was from an order of injunction.

In the cited case of Butte, Anaconda & Pac. Ry. Co. v. Montana Union Ry. Co., 16 Mont. 504, at page 515, 41 Pac. 232, 236, 31 L. R. A. 298, 50 Am. St. Rep. 508, decided in July 1895, the appeal was "prosecuted both from *the judgment and the order* overruling the motion for a new trial." Emphasis supplied.

In the cited case of City of Helena v. Rogan, 26 Mont. 452, 454, 68 Pac. 798, decided in 1902, the appeal was from *a judgment*.

In the cited case of Northern Pacific Ry. Co. v. McAdow, 44 Mont. 547, 121 Pac. 473, decided in 1912, the appeal was from *an order* of condemnation.

In the cited case of State of Montana v. Bradshaw Land & Livestock Co., 99 Mont. 95, 43 Pac. (2d) 674, decided in 1935, the appeal was from *a judgment* entered on a jury's verdict in an action to condemn a right of way over defendant's lands.

In the cited case of Park County v. Miller, 117 Mont. 157, 158, 159 Pac. (2d) 358, decided in 1945, the defendant appealed to the supreme court from *an order* of condemnation made by the district court of Park County.

In the cited case of United States v. State of Montana, 134 F. (2d) 194, decided in 1943 by the United States circuit court of appeals for the ninth circuit, the appeal was from *a judgment* dismissing a condemnation proceeding.

The cited case of State ex rel. Davis v. District Court, 29 Mont. 153, 156, 74 Pac. 200, decided in 1903, was not an appeal. On the contrary it was an original application in and to the supreme court for a writ of certiorari wherein it was sought to have *an order* of condemnation annulled. In that case this court held that under section 2214 of the Montana Codes of 1895 (now R. C. M. 1947, sec. 93-9905) the defendant had the right to appeal from *the order* complained of thereby precluding a resort to certiorari.

Likewise the cited case of State ex rel. McLeod v. District Court, 67 Mont. 164, 215 Pac. 240, decided in 1923, was not an appeal. It was an original application to the supreme court for a writ of prohibition. In such original proceeding this court held that a city has no power to condemn land for a public highway outside of the city's corporate limits and issued the writ sought declaring that the district court was without jurisdiction to condemn relator's land.

As to the nine cases cited in the annotation to R. C. M. 1947, sec. 93-9905, two of the decisions were in original proceedings and not in appeal cases invoking the appellate jurisdiction of the supreme. court,—three of the appeals were from *an order* of the trial court,—three of the appeals were from *a judgment*,—in one case the appeal was from *both a judgment and an order* and in none of the cases cited was the appeal taken from the trial court's findings of fact or from its conclusions of law. In each appealed case the appeal was taken either from (1) a final *order*, (2) a *judgment* or (3) both a *judgment and an appealable order*.

Such has been the established practice in this jurisdiction for more than fifty years past in taking appeals in condemnation proceedings. While the second sentence of subdivision 3 of section 93-9905 in substance authorizes appeals in condemnation proceedings brought under Chapter 99 of Title 93, R. C. M. 1947, ''as in other cases'' and while no provision of section 93-9905, supra, makes any mention whatever of any *order* or of any appeal from any *order* nevertheless ''in other cases'' appeals are allowed from various *orders* and accordingly this court has held that an appeal will lie from a final order of condemnation made pursuant to the provisions of Chapter 99, Title 93, R. C. M. 1947, regulating the exercise of the right of eminent domain. Park County v. Miller, 117 Mont. 157, 158, 159 Pac. (2d) 358.

Upon the authorities above cited I concur in the dismissal of the instant appeal.

MR. JUSTICE ANGSTMAN, (dissenting).

The fallacy of the majority opinion rests upon the erroneous notion that the general statute, section 93-8003, R. C. M. 1947, specifying what orders and judgments are appealable, has application to eminent domain proceedings. This is not the case.

Proceedings in condemnation are governed by special statutory provisions, R. C. M. 1947, sec. 93-9901 et seq., and these statutes provide for appeals in such matters.

The statute applicable here is section 93-9905 which provides that before property may be taken in condemnation proceedings it must appear:

''1. That the use to which it is to be applied is a use authorized by law.

''2. That the taking is necessary to such use.

''3. If already appropriated to some public use, that the public use to which it is to be applied is a more necessary public use.''

The same section then continues as follows: ''The plaintiff or defendant, or any party interested in the proceedings, can appeal to the supreme court from any finding or judgment made or rendered under this chapter, as in other cases. Such appeal does not stay any further proceedings under this chapter.'' The order from which the appeal was taken here contained findings as provided in this section under paragraphs 1 and 2.

It is clear from this section that the words ''as in other cases'' has to do with the practice or procedure in perfecting the appeal. Unless this is so the entire sentence of which it is a part is rendered absolutely meaningless because in no other case is any provision made for an appeal from findings.

This identical question under statutes identical with ours came before the circuit court of appeals of the 9th circuit in Van Dyke v. Midnight Sun Mining & Ditch Co., 177 F. 85, 87, and that court reached this conclusion, saying: ''The proceeding was under section 207 of chapter 22 of the Civil Code of Alaska, concerning eminent domain, which makes it necessary for the court to find certain facts before condemnation—among

them: (1) That the use to which the property is to be applied is a use authorized by law. (2) That the taking is necessary to such use. (3) If already appropriated to some public use, that the public use to which it is to be applied is a more necessary public use.

"It is upon findings so made that there is established a basis for further proceedings. The findings constitute the decision of the court upon the vital question of whether or not the property sought to be taken can be condemned at all. Congress evidently deemed them of great importance, for in the same clause of the Code making findings necessary it provided that:

" 'The plaintiff or the defendant, or any party interested in the proceedings, can appeal to the United States Circuit Court of Appeals for the Ninth Circuit from any finding or judgment made or rendered under this chapter as in other cases. Such appeal does not stay any further proceedings under this chapter.'

"While there may be an appeal from an assessment made by commissioners after damages are assessed, nevertheless this right to have the findings and order of condemnation reviewed by this court is given in plain language. The requirement that the appeal shall be *as in other cases* refers to the practice in the mode of taking the appeal, rather than to cases wherein an appeal may lie. We find, too, that the whole of section 207 of the Code of Alaska, as we have cited it, was taken from the Code of Civil Procedure of Montana, where it can be found in section 7334, title 7, 'Eminent Domain,' Rev. Codes Mont. 1907, or section 2214, Codes Mont. adopted in 1895. The Supreme Court of Montana directly construed the statute in State ex rel. Davis v. District Court, 29 Mont. 153, 74 Pac. 200, and held that a defendant had a right of appeal from an order of condemnation made upon findings under the statute referred to, and before damages were assessed * * *."

The majority opinion stresses the fact that the Van Dyke case is different from this because an appealable order was entered in that case.

The majority opinion overlooks the fact that the only reason

the order in question was held to be appealable was because of the section corresponding to our section 93-9905, the reasoning of the court being that the order carried with it a finding of the necessary facts forming the basis of condemnation proceedings and the statute providing for an appeal from such findings.

The holding in the Van Dyke case, supra, was adhered to in the later case of Northern Mining & Trading Co. v. Alaska Gold Recovery Co., 9 Cir., 20 F. (2d) 5.

This court in State ex rel. Davis v. District Court, 29 Mont. 153, 74 Pac. 200, 201, held that there was an appeal from an order of condemnation before damages were assessed under R. C. M. 1947, sec. 93-9905, because the order included a finding of the things necessary under the statute before property may be taken. The court did not hold that the order was appealable under section 93-8003, R. C. M. 1947. It was referring specifically to section 93-9905, when it said: "It is very clear that under this statute the defendant had an appeal from this order."

So when the majority opinion stresses the fact that an appealable order was entered in that case it overlooks the fact that the order was held to be appealable because it contained the findings furnishing the basis for condemnation proceedings and the statute allowed the appeal from findings. This holding was adhered to in Park County v. Miller, 117 Mont. 157, 159 Pac. (2d) 358.

I agree with counsel for both parties that the appeal here taken was proper. It is expressly authorized by the plain wording of section 93-9905.

I disagree with the majority opinion also so far as it throws in for extra measure the proposition that relief cannot be granted on the appeal because of section 93-5305 providing, "nor in cases tried by the court shall the judgment be reversed on appeal for defects in the findings, unless exceptions be made in the court below for a defect in the findings or in a finding."

For fifty years the rule has been that this section applies only to a case where the findings omit matters necessary or proper

to be stated and not to a case as here where the claim is made that the evidence does not support the finding.

The rule was stated in Cobban v. Hecklen, 27 Mont. 245, 70 Pac. 805, 808, where the court said: ''Some contention is made by the defendant to the effect that the findings cannot be reviewed here, because the plaintiff did not challenge them as defective; and he invokes sections 1114, 1115, and 1116 of the Code of Civil Procedure [1895, now R. C. M. 1947, secs. 93-5305, 93-5306, 93-5307]. These sections are not applicable. They have to do only with findings which are *defective;* that is, which *omit* matters necessary or proper to be stated. Exceptions thus provided for lie on account of *deficiencies* or *omissions,* and not for what is *contained* in the findings. Such is the clear meaning of the sections.''

This holding was adhered to in Ferguson v. Standley, 89 Mont. 489, 300 Pac. 245, 247, where the court said: ''As to the easement for the road, defendant first attacks the findings as not supported by the evidence.

''2. Counsel for plaintiff contend that this attack must be disregarded, as defendant did not request findings nor file exceptions to the findings as made, citing sections 9369 and 9370, Revised Codes 1921 [now R. C. M. 1947, secs. 93-5305 and 93-5306], and numerous opinions of this court discussing their effect and announcing the doctrine of implied findings.

''The sections cited deal with absence of findings and defective findings—omissions—while defendant attacks the findings for what they declare. In such case the rules announced in the cited provisions and cases have no application (Cobban v. Hecklen, 27 Mont. 245, 70 Pac. 805), and, on matters on which the court has made direct findings, there is no room for the application of the doctrine of implied findings (Crosby v. Robbins, 56 Mont. 179, 182 Pac. 122). The specifications of error properly raise the question of the sufficiency of the evidence to support the findings.''

The specially concurring opinion of Chief Justice Adair in considering section 93-9005 overlooks the vital language of the

statute that either party may appeal to the supreme court "from any finding or judgment made or rendered under this chapter". This language is followed by the words "as in other cases." A clearer legislative declaration of the right of appeal from any finding could not be made.

I think the appeal was properly taken and should be considered on its merits. No useful purpose would be served in discussing the merits here.

MR. JUSTICE ANDERSON:

I concur in the foregoing dissenting opinion of MR. JUSTICE ANGSTMAN.